USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                        :

GROW UNIVERSE INC., *doing business as* CAFÉ  :
MELO,                                                   :

                            :                  1:25-cv-1861-GHW
                      Plaintiff,  :
                            :                     ORDER
         -against-           :

JANE DOE,                     :

                   Defendant.  :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," with an exception for when such early discovery is authorized by court order.  In determining whether to authorize early discovery in this case, the Court applies a "flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an *ex parte* basis." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe*, No. 12-cv-4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Local Civil Rule 6.1(d) (*Ex parte* submissions will not be granted "except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary.").

The Court notes that Plaintiff's argument is tailored to the test outlined in *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), which was approved by the Second Circuit for determining whether to grant a motion to quash a subpoena in order to preserve the objecting party's anonymity. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).  That issue is not before the Court and this order should not be construed as a ruling on the merits of any potential

motion to quash that may be filed pursuant to the schedule set forth below.  However, because the

Court finds that Plaintiff has met the reasonableness and good cause standard for early discovery,

even under the heightened scrutiny required of an *ex parte* submission, Plaintiff's motion for leave to

serve a third-party subpoena prior to a Rule 26(f) conference is GRANTED.

The Court ORDERS the following:

(1) Plaintiff may serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil
    Procedure on Google LLC ("Google") to obtain the name, address, IP address,
    email address, and phone number of the user previously identified by Google as
    "pat***@pro***.me," and "917-570-****".

(2)  Plaintiff's counsel is directed to attach a copy of this order to the subpoena.

(3) Within seven (7) days of service of a subpoena, Google shall reasonably attempt to
    identify the user and provide him or her with a copy of the subpoena and this order.
    If Google is unable to determine, to a reasonable degree of technical certainty, the
    identity of the user associated with the email address "pat***@pro***.me" and the
    phone number "917-570-****", it shall so notify Plaintiff's counsel.

(4) Google shall have twenty-one (21) days from the service date of the subpoena to
    move to quash or otherwise object to the subpoena.  The identified user shall have
    fourteen (14) days from receipt of the subpoena from Google to move to quash or
    otherwise object to the subpoena.

(5) Absent any motion to quash or other objection, Google shall produce the
    information sought to the Plaintiff within twenty-one (21) days after notifying the
    subscriber pursuant to paragraph (2) above.

(6) Plaintiff may only use the information disclosed pursuant to the subpoena for the
    purpose of protecting and enforcing Plaintiff's rights as set forth in the complaint.

2

The Court ORDERS that the information not be disclosed to any person other than

Plaintiff and Plaintiff's counsel without further leave of the Court.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 7.

SO ORDERED.

Dated: March 28, 2025
      New York, New York

_____
GREGORY H. WOODS
United States District Judge