**HC LLP**
**HAMILTON | CLARKE**

48 Wall Street, Suite 1100
New York, NY 10005

Tel: 212-729-0952
www.HCLLPLaw.com

Lance A. Clarke
Managing Partner
Clarke@hcllplaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/19/2025
```

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**MEMORANDUM ENDORSED**

August 15, 2025

Re: <u>*Grow Universe d/b/a Café Melo v. Doe*, 25-CV-1861-GHW</u>

**Objection to Third-Party Subpoena and Request for Additional Time to File Motion to Quash**

Dear Judge Woods:

My firm was recently retained to represent an individual who was notified by Charter Communications d/b/a Spectrum ("Spectrum") that Spectrum had received a subpoena and court order directing the release of information associated with this individual's IP address. Because the subpoena seeks personal information, this individual wishes to remain anonymous at this time. Spectrum has advised that, absent objection, it will produce the requested information on August 15, 2025.

We respectfully request Your Honor accept this letter as formal notice of the Individual's objection to this subpoena. Further, we respectfully request that Your Honor grant the undersigned a brief extension of time, until August 29, 2025, to file a Motion to Quash the subpoena. We submit that such an extension of time is appropriate given the late hour at which the firm was retained.

We thank Your Honor for your time and attention to this matter and are available should the Court require anything further.

Application granted. The anticipated motion to quash is due no later than August 29, 2025. Any opposition is due no later than September 12, 2025. Any reply is due no later than September 19, 2025. Charter Communications d/b/a Spectrum need not provide the information that is the subject of the motion to quash until one week following the date of the Court's resolution of the motion to quash.

The moving individual who wishes to remain anonymous should understand that "pseudonyms are the exception and not the rule." *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). Additionally, "[t]he party moving to quash a subpoena must have standing." *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 251 (W.D.N.Y. 2018). The Court expects that the moving individual's papers will address the issue of standing.

SO ORDERED.

Respectfully Submitted,

/s/Lance Clarke
Lance A. Clarke, Esq.

Dated: August 19, 2025

GREGORY H. WOODS
United States District Judge