UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GROW UNIVERSE, INC. d/b/a/ CAFÉ MELO,

        Plaintiff,

  -against-

JANE DOE,

        Defendant.
------------------------------------------------------------X

25-CV-1861-GHW

MOTION TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER

On October 10, 2025, the Court denied anonymous movant ("Movant")'s motion to quash a third-party subpoena issued to Charter Communications d/b/a/ Spectrum. ECF No. 26. It is Movant's understanding that the information provided by Spectrum may lead to Movant being substituted as the defendant in this case. Movant thus respectfully requests that, if they be named as Defendant, the Court grant them permission to proceed anonymously in this action, and to enter a protective order forbidding Defendant's personally identifying information from being filed on the docket or shared publicly. Movant has drafted a proposed protective order, which is attached to this motion. This proposed protective order differs from the Court's standard order at paragraphs (1) and (3)(e).

Undersigned counsel reached out to counsel for Plaintiff to inquire if they would consent to the entry of the proposed protective order. We have not heard back and thus make this motion as Spectrum is due to respond to Plaintiff's subpoena on the date of this filing.

**Legal Standard**

While the general rule is that parties may not litigate anonymously, due to the public interest in open court proceedings, the Second Circuit has recognized that it is sometimes

1

appropriate for a party to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 188–89 (2d Cir. 2008). In *Sealed Plaintiff*, the Circuit set forth a non-exhaustive list of factors for courts to consider, including: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature;" (2) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (3) "whether the plaintiff's identity has thus far been kept confidential;" and (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Id. Sealed Plaintiff* dealt with a Plaintiff seeking anonymity, but courts have applied the same factors to when considering a defendant's request to proceed anonymously. *See John Wiley & Sons, Inc. v. Does Nos. 1-27*, No. 11 CIV. 7627 WHP, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012); *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 CIV. 9706 KBF, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012).

## Application

1. *Whether the litigation involved matters that are highly sensitive and of a personal nature*

The allegations in this suit strike at the heart of Movant's personal reputation particularly as it relates to professional conduct and potential employment opportunities in the future. Should they become publicly named, Movant will be branded as untrustworthy and nefarious. Movant recognizes that while the claims in this case are not so sensitive as those involving pornography or sexual assault, the embarrassment and reputational harm that would likely follow from their identification causes this factor to weigh in Movant's favor.

This is especially true because even if Movant is identified with one of the IP addresses that accessed Plaintiff's account near the time of its deletion, that does not mean they were the one

to do so. Courts have considered this risk of misidentification as heightening the risks of harm to defendants to be considered under this factor. *See Malibu Media, LLC v. John Doe, No. 15*, Civ. 1862(RJS), 2015 WL 4271825, at *3 (S.D.N.Y. July 14, 2015) (granting defendant's motion for anonymity where the case includes "highly embarrassing and potentially sensitive and personal nature of such accusations, [and] the risk of misidentification where a defendant is only identified by an IP address"); *see also Next Phase Distribution, Inc. v. Does 1-138*, No. 11 CIV. 9706 KBF, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (granting defendant's motion to proceed anonymously and discussing how IP addresses are often used by another person in the household or a neighbor, and noting that in copyright cases 30% of names turned over by ISPs are not the person who downloaded the copyrighted material) (citations omitted).

    *2. Whether Plaintiff is prejudiced by allowing the defendant to proceed anonymously*

There will be no prejudice to Plaintiff if Movant is allowed to proceed anonymously if named the defendant. If Plaintiff substitutes Movant as defendant, Plaintiff will presumably have been able to identify Movant through the subpoena returns and other investigation. Thus, Plaintiff will know Movant's name and other identifying information and will be able to proceed with the case just as any other, only without publishing Movant's name on the public docket. This factor weighs in Movant's favor. *See Malibu Media, LLC*, 2015 WL 4271825, at *5 (noting no prejudice to plaintiff in copyright case where defendant was identified by IP address).

    *3. Whether the defendant's identity has thus far been kept confidential*

As described above, while Movant's identity has been kept off the public docket, Plaintiff will have knowledge of it. This is not a situation where the Movant's identity has been published and we are seeking to put the cat back in the bag, nor is it a situation where the defendant's identity is secret even from Plaintiff. Thus, this factor weighs in Movant's favor.

4. *Whether the public's interest in the litigation is furthered by requiring the defendant to disclose their identity*

While the public always has some interest in public proceedings, here it is minimal. This is a business dispute which does not touch on matters of public concern, between two people who are not public figures. *See Doe v. Doe*, No. 20-CV-5329(KAM)(CLP), 2020 WL 6900002, at *4 (E.D.N.Y. Nov. 24, 2020) ("whether the public's interest in the litigation is furthered by requiring the defendant to disclose his identity, likewise weighs in favor of the defendant proceeding anonymously. Neither the plaintiff nor the defendant are public figures. Though the court is mindful of the general public and media interest in all court proceedings, there is no special or heightened interest in the identities of parties who are not public figures."). Similarly, in the illegal file-sharing copyright cases where courts regularly permit defendants to remain anonymous, courts have found that the public interest in disclosing defendants' identities is low. *See, e.g. Malibu Media, LLC v. Doe, No. 15* CIV. 2624 ER, 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015) ("While the public interest is generally furthered by allowing public scrutiny of judicial proceedings, here there is minimal public interest in disclosing Defendant's name."). This factor weighs strongly in favor of Movant being allowed to proceed anonymously.

**<u>Conclusion</u>**

For the above reasons, Movant has an interest in proceeding anonymously in this action, and neither Plaintiff nor the Public would suffer any prejudice if they were allowed to do so. We there request the Court grant Movant permission to proceed anonymously in this action if named as defendant, and enter the proposed protective order attached to this motion.

Respectfully Submitted,

<u>/s/Lance Clarke</u>
Lance A. Clarke, Esq.
Ethan Van Buren, Esq.
Hamilton Clarke LLP
*Attorneys for Anonymous Movant*