```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
GROW UNIVERSE INC., *doing business as* CAFÉ                         :
MELO,                                                                :
                                                                     :           1:25-cv-1861-GHW
                                         Plaintiff,                  :
                                                                     :          MEMORANDUM
                -v-                                                  :        OPINION & ORDER
JANE DOE,                                                            :
                                                                     :
                                         Defendant.                  :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

  Plaintiff Grow Universe, Inc. d/b/a Café Melo filed this action against Defendant Jane Doe, alleging that Defendant unlawfully accessed and deleted Plaintiff's business email account. An individual who anticipates being named as the defendant now moves to proceed anonymously and for entry of a protective order barring public disclosure of her identity. Because Movant identifies only the ordinary reputational consequences attendant to civil litigation, and because this fact-intensive dispute between private parties turns on contested conduct and credibility, Movant has not overcome the strong presumption that parties must litigate in their own names. Her motion is therefore DENIED.

**I. BACKGROUND**

  Plaintiff filed this action on March 5, 2025, alleging that Defendant accessed Plaintiff's Google business account without authorization, misappropriated the proprietary information stored within it, and deleted the account. Dkt. No. 1 ("Compl."). The complaint asserts claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, as well as conversion and tortious interference under New York law. *Id.*

  On March 28, 2025, the Court granted Plaintiff leave to serve a third-party subpoena on Google LLC seeking information, including the IP addresses of the devices that accessed Plaintiff's

account.  Dkt. No. 10; *see also* Dkt. No. 7.  Using the information from Google, Plaintiff determined that the IP addresses were associated with the internet service provider Charter Communications, Inc. d/b/a Spectrum ("Spectrum").  Dkt. No. 13.  On July 14, 2025, the Court granted Plaintiff leave to serve a third-party subpoena on Spectrum to obtain information about the subscriber associated with those IP addresses.  Dkt. No. 16.

On July 31, 2025, Spectrum notified an anonymous individual ("Movant") that it had received a subpoena and court order directing the disclosure of Movant's subscriber information.  Dkt. No. 20 at 1.  On August 29, 2025, Movant moved to quash the subpoena issued to Spectrum, which the Court denied on October 10, 2025.  Dkt. Nos. 20, 26.  On October 17, 2025, Movant filed a motion seeking leave, if named as the defendant, to proceed anonymously and for entry of a protective order barring public disclosure of her identity.  Dkt. Nos. 27 ("Mot."), 27-1.  Plaintiff filed its opposition and a declaration on October 27, 2026.  Dkt. Nos. 29 ("Opp."), 30 ("Decl.").  Movant did not file a reply.  On February 9, 2026, Plaintiff requested leave to amend the complaint to name Defendant and add additional allegations.  Dkt No. 32.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint.  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008).  "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure."  *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in

disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190.

The Second Circuit has adopted a non-exhaustive list of ten factors to guide courts in balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Although *Sealed Plaintiff* addressed a plaintiff's request for anonymity, courts have applied the same factors when a defendant seeks to litigate under a pseudonym. *See, e.g.*, *Next Phase Distrib., Inc. v. Does 1-138*, No. 11 CIV. 9706, 2012 WL 691830 (S.D.N.Y. Mar. 1, 2012); *Malibu Media, LLC v. Doe*, No. 15-CV-1862, 2015 WL 4271825 (S.D.N.Y. July 14, 2015); *Ipsos MMA, Inc. v. Doe*, No. 21 CIV. 8929, 2022 WL 451510 (S.D.N.Y. Jan. 25, 2022). Specifically, courts consider:

> (1) "whether the litigation involves matters that are highly sensitive and of a personal nature";
>
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties";
>
> (3) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";
>
> (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age";
>
> (5) "whether the suit is challenging the actions of the government or that of private parties";
>
> (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court";
>
> (7) "whether the plaintiff's identity has thus far been kept confidential";
>
> (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity";

(9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Sealed Plaintiff*, 537 F.3d at 189–90 (internal quotation marks, alterations, and citations omitted). Courts are "not required to . . . use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

## III.   DISCUSSION

After considering these factors, the Court finds that Movant does not make a sufficient showing to demonstrate that this case should be treated as an exception to the general rule that parties must litigate in their own names. The Court reaches this conclusion based primarily on the lack of highly sensitive issues, the absence of a concrete risk of harm, the potential prejudice to Plaintiff, and the strong public interest in open proceedings. The Court has analyzed each of the ten *Sealed Plaintiff* factors, as described below.

### A.   This Matter Is Not Highly Sensitive or Personal

The first *Sealed Plaintiff* factor—whether the litigation involves matters that are highly sensitive and of a personal nature—weighs against permitting Movant to proceed under a pseudonym. Cases related to birth control, abortion, homosexuality, welfare rights of illegitimate children, abandoned families, allegations of sexual assault, and allegations linking parties to pornography are highly sensitive and of a personal nature. *See, e.g.*, *N. Jersey Media Grp., Inc. v. Doe Nos. 1-5*, No. 12-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Next Phase Distrib.*, 2012 WL 691830, at *2. By contrast, allegations that carry "the potential for embarrassment or public humiliation do[] not, without more, justify a request for anonymity." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-cv-5601, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12,

2015)). And courts "should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988); *see also Abdel-Razeq*, 2015 WL 7017431, at *4.

Here, Plaintiff alleges that Defendant engaged in intentional misconduct by accessing Plaintiff's account without authorization, misappropriating proprietary information, and deleting the account. *See generally* Compl. Even accepting Movant's contention that these allegations could be embarrassing or reputationally harmful, they are not the type of intimate, highly personal matters—such as sexual assault or reproductive issues—that courts have found to favor anonymity. Furthermore, being named in a lawsuit, while potentially harmful to Movant's reputation, is not the same as being found liable. Should Movant be named, she will have the opportunity to defend herself. Accordingly, the first factor weighs against permitting Movant to proceed pseudonymously.

### B. Movant Has Not Shown a Risk of Harm

The second and third *Sealed Plaintiff* factors—which address the risk of retaliatory physical or mental harm or other harms to the moving party or third parties—likewise weigh against allowing Movant to proceed pseudonymously. "[P]sychological harm is a class of injury that could justify pseudonymous litigation." *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006). But "claims of public humiliation and embarrassment are generally not sufficient grounds" for allowing a litigant to proceed anonymously. *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). While a "sworn statement attesting to the likelihood of harmful psychological and emotional consequences" can support a finding of harm, *Del Rio*, 241 F.R.D. at 161, "mere speculation about a risk of psychological injury" cannot, *Doe v. Alexander*, No. 25 CIV. 2077, 2025 WL 1637941, at *3 (S.D.N.Y. June 9, 2025) (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020)).

Movant does not allege any threat of physical retaliation, nor does she submit a sworn statement attesting to likely psychological or emotional harm. Instead, she relies on generalized assertions of "embarrassment and reputational harm." Mot. at 2. These generalized concerns do not establish the kind of harm contemplated by these factors. *See, e.g.*, *Doe v. Smith*, 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999) (favoring anonymity where a psychiatric specialist's affidavit "predict[ed] that revelation of [plaintiff's] identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life"). Because Movant does not allege any harm beyond the generalized statements related to embarrassment and reputational injury—and she has provided no factual support even for those—the second and third factors likewise weigh against anonymity.

Movant argues that the risk of harm is heightened because she is only identified by an IP address, creating a risk of misidentification. Mot. at 2–3 (citing *Malibu Media, LLC v. Doe*, No. 15-CV-1862, 2015 WL 4271825, at *3 (S.D.N.Y. July 14, 2015); *Next Phase Distrib.*, 2012 WL 691830, at *2). But the cases she cites arose in a materially different context—efforts to link subscribers identified only by IP addresses to the alleged downloading of pornographic films—which some courts have treated as uniquely sensitive and stigmatizing, and the misidentification analysis was framed against that backdrop. Here, by contrast, the basis for Plaintiff's anticipated complaint against Movant is not limited to her association with an IP address. Plaintiff submitted a sworn declaration explaining that Spectrum's subpoena response confirmed Plaintiff's suspicion as to Defendant's identity and tying her alleged access to a prior relationship. Decl. at ¶¶ 6–13. And, as already described, if she is misidentified in the complaint, Movant will be able to argue that point in her defense. Therefore, Movant's asserted "misidentification" risk does not heighten the risk of harm under these factors.

### C. Movant Has Not Demonstrated Particular Vulnerability

Movant does not contend that she is particularly vulnerable to harm due to age or other personal circumstances. This factor therefore favors disclosure.

### D. This Suit Involves Solely Private Parties

The fifth *Sealed Plaintiff* factor—whether the suit challenges the actions of the government or that of private parties—also weighs against anonymity. Private civil suits "not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Del Rio*, 241 F.R.D. at 159. Courts are less likely to grant a motion to proceed anonymously where, as here, the suit involves solely private parties rather than a challenge to governmental action. *See Sealed Plaintiff*, 537 F.3d at 189; *Skyline Autos.*, 375 F. Supp. 3d at 406. Because this dispute is between solely private parties, this factor favors disclosure.

### E. Pseudonymity Would Prejudice Plaintiff

The sixth *Sealed Plaintiff* factor—whether Plaintiff would be prejudiced by allowing Movant to proceed pseudonymously—also weighs against anonymity. Permitting a party to litigate under a pseudonym presents an inherent risk of prejudice, as "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159. That "asymmetry" between the parties can also "hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *See Doe v. Alexander*, No. 25-CV-2107, 2025 WL 1126617, at *3 (S.D.N.Y. Apr. 16, 2025) (quoting *Doe v. Combs*, No. 24-CV-8054, 2024 WL 4635309, at *5 (S.D.N.Y. Oct. 30, 2024)).

Movant contends that because Plaintiff already knows her name, Plaintiff can "proceed with the case just as any other, only without publishing Movant's name on the public docket." Mot. at 3. While Plaintiff's knowledge of Movant's identity does reduce the risk of prejudice, *see Doe v. Townes*,

7

No. 19CV8034, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020), it does not eliminate it. Even where a plaintiff knows the defendant's identity, litigating against an anonymous defendant frequently requires the plaintiff to "'make redactions' and take other 'measures not to disclose [the defendant]'s identity,'" increasing "both the work required and the cost" of litigation. *See Doe v. Cigna Health & Life Ins. Co.*, No. 25-CV-7021, 2026 WL 21823, at *4 (S.D.N.Y. Jan. 2, 2026) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006)).

Here, although Plaintiff's knowledge lessens the risk of prejudice, anonymity would still constrain Plaintiff's ability to conduct discovery in the ordinary course, including by preventing Plaintiff from identifying Movant openly when seeking information from third parties. Those constraints impose a real burden that outweighs the mitigating effect of Plaintiff's knowledge. Accordingly, this factor weighs against permitting Movant to proceed pseudonymously.

### F. Movant's Identity Has Been Kept Confidential

The Court understands that Movant's identity has thus far been kept confidential, Mot. at 3, thus this factor favors anonymity.

### G. Disclosure of Movant's Identity Would Enhance Public Understanding of the Proceedings

The eighth *Sealed Plaintiff* factor—whether the public's interest in the litigation is furthered by requiring Movant to disclose her identity—also favors disclosure. In analyzing this factor, courts ask whether disclosure of the moving party's name would "enhance the public's understanding of the proceedings and the nature of the dispute." *See Alexander*, 2025 WL 1126617, at *4. In cases concerning the legal consequences of an undisputed event, the identity of the parties is "relatively immaterial." *See id.*; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (noting that Plaintiffs have been permitted to litigate pseudonymously in cases about legal ramifications of a medical procedure). By contrast, where a case "turns on the credibility of parties," "the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered

8

by transparency, including exposure of the parties' identities." *See Alexander*, 2025 WL 1126617, at *4 (quoting *Doe v. Leonelli*, No. 22-CV-3732, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022)).

This case is not about the legal consequences of an undisputed event. It turns on disputed factual allegations that Movant—who allegedly had a prior business relationship with Plaintiff—engaged in intentional misconduct related to Plaintiff's account. *See* Compl.; Decl. ¶¶ 6–13. In a fact-intensive dispute of this kind, where credibility and intent are likely to be central, disclosure of Movant's name would "enhance the public's understanding of the proceedings and the nature of the dispute." *See Alexander*, 2025 WL 1126617, at *4. This factor therefore favors disclosure.

### H. The Public Interest in Knowing Movant's Identity Is Not Atypically Weak

The ninth *Sealed Plaintiff* factor—whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities—also weighs against anonymity. Where a suit is against the government and raises an abstract legal question affecting many similarly situated individuals, the identities of the parties bringing the suit "may be largely irrelevant to the public concern with the nature of the process" and have "little bearing on the nature of the dispute or the merits of the case." *Del Rio*, 241 F.R.D. at 158. On the other hand, "where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* at 159. And the public's interest is not "atypically weak" where the "allegations are decidedly factual in nature." *Leonelli*, 2022 WL 2003635, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532).

Here, the Complaint asserts fact-specific allegations concerning Defendant's particular conduct, rather than an abstract challenge to governmental policy. Because the issues presented are not purely legal and instead turn on alleged actions and incidents, the public interest in knowing the

parties' identities is not "atypically weak." Therefore, this factor does not support permitting Movant to proceed pseudonymously.

### I. No Alternative Mechanisms Exist to Protect Movant's Confidentiality

Finally, the tenth *Sealed Plaintiff* factor—whether there are alternative mechanisms for protecting Movant's confidentiality—weighs in Movant's favor. Where there are "less drastic remedies than blanket anonymity," such as "redactions to protect particularly sensitive information or a protective order," this factor weighs against anonymity. *Rapp*, 537 F. Supp. 3d at 533 (quoting *Weinstein*, 484 F. Supp. 3d at 98). Here, however, the information Movant seeks to protect is her identity. Rather than serving as a narrower alternative, Movant's proposed protective order is simply a vehicle to effectuate the very relief she seeks—permission to litigate anonymously with her identity excluded from the public record. *See* Mot. at 1; Dkt. No. 27-1. Because there is no meaningfully less drastic remedy to shield Movant's name from public disclosure, this factor weighs in her favor.

After balancing the interests of Movant, Plaintiff, and the public, the Court concludes that the relevant factors weigh against permitting Movant to proceed pseudonymously in this case. Litigation under a pseudonym is the exception, not the rule, and this case is not exceptional.

### IV. CONCLUSION

For the foregoing reasons, Movant's motion to proceed pseudonymously and for entry of a protective order is DENIED. Plaintiff's request for leave to amend the complaint is GRANTED. Plaintiff's amended complaint is due no later than February 20, 2026.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 27 and 32.

SO ORDERED.

Dated: February 13, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge